**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DAVID HORN,

                Plaintiff,       Civ. No. 09-3362 (DRD)

v.       **O P I N I O N**

HT ASSOCIATES, LLC, ET AL.

                Defendants.

---

*Appearances by:*

HOWARD D. POPPER, ESQ.
1 Western Avenue
Morristown, NJ 07960

    *Attorney for Plaintiff*

SCHWARTZ, SIMON, EDELSTEIN, CELSO & ZITOMER, LLC
by: Andrew W. Li, Esq.
44 Whippany Road, Suite 210
Morristown, NJ 07962

    *Attorneys for Defendant HT Horn Associates, LLC*

PAUL J. FISHMAN
United States Attorney for the District of New Jersey
by: Assistant United States Attorney Susan Handler-Menahem
970 Broad Street, Suite 700
Newark, NJ 07102

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on a motion by Defendant, the United States of America ("the Government"), to dismiss the claims asserted against it in Plaintiff's Second Amended Complaint and the Third-Party Complaint filed by Defendant HT Associates, LLC ("HT") and remand the action to the Superior Court of New Jersey. In support of its Motion, the Government contends that (1) Plaintiff's claims against it are barred as untimely and (2) HT's removal of the action based on third-party claims against the United States that it had not yet filed was improper.

For the reasons set forth below, the Court concludes that Plaintiff's claims against the United States are barred. Plaintiff originally asserted those claims in an administrative proceeding, where they were denied on February 12, 2009. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b), Plaintiff was required to commence an action in this Court within six months of that denial. He did not do so, choosing instead to bring suit in state court against HT. It was only on August 17, 2009, five weeks after that suit was removed and five days after the deadline for filing such claims, that Plaintiff filed an Amended Complaint in which he sought relief from the Government.

In light of the fact that Plaintiff's claims against the United States are barred, this Court lacks jurisdiction. Plaintiff's claims against HT sound in state tort law, and HT's third-party claims against the United States are inadequate to confer federal jurisdiction. Therefore, the Court will dismiss HT's third-party claims against the United States and remand the action to the Superior Court of New Jersey. Should HT be found liable in that proceeding, it may pursue its claims against the United States for indemnification and contribution in a later action.

## I. BACKGROUND

The factual circumstances underlying this case are simple. On December 17, 2007, Plaintiff slipped on a patch of ice outside the Denville, New Jersey office of the United States Postal Service (the "Postal Service"). He fell to the pavement and suffered a laceration to his forehead that required 15 stitches and an injury to his left knee for which he subsequently underwent surgery.

Alleging that the Postal Service had failed to properly maintain the premises, Plaintiff brought an administrative claim against the Government on June 12, 2008. The claim was submitted to a Tort Claims Examiner employed by the Postal Service. On February 12, 2009, the Examiner issued a letter denying Plaintiff's claim. That letter explicitly informed Plaintiff that he could challenge the Examiner's decision in federal court, but must do so within six months, stating:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this latter, which is the date shown above.

(Jan. 20, 2010 Decl. of Kimberly A. Herbst ("Herbst Decl."), Ex. D at 1) (emphasis in original.) The February 12, 2009 letter denying Plaintiff's administrative claim also informed him that any challenge to that ruling must be brought in federal court and should name the United States as the defendant rather than the Postal Service. (Id.) ("[N]ote that the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal court.")

Instead of challenging the denial of his administrative claim in federal court, Plaintiff on March 3, 2009 filed a Complaint in the Superior Court of New Jersey in which he named HT –

the company from which the Postal Service leased the property on which he was injured – as a Defendant.[1]  Plaintiff's Complaint did not include claims against the Postal Service.

HT removed the action to this Court on July 8, 2009.  In doing so, HT premised jurisdiction on its intention to file a Third-Party Complaint seeking indemnification or contribution for any liability to Plaintiff from the Postal Service, which was responsible for snow and ice removal under the terms of the lease.

On July 29, 2009, HT carried out its promise by filing an Answer and Third-Party Complaint in which it asserted claims against the Postal Service for indemnification and contribution.  In order to comply with the FTCA, 28 U.S.C. § 2679, which requires that such suits be asserted against the United States itself rather than any of its various administrative agencies, HT submitted an Amended Answer and Third-Party Complaint replacing the Postal Service and adding the United States on January 22, 2010.

Following removal of the action to this Court, Plaintiff on August 17, 2009 filed an Amended Complaint in which he asserted claims directly against the United States.  On August 26th of that year, he submitted a Second Amended Complaint in which he substituted the Postal Service for the United States.  In his papers relating to the pending Motion, Plaintiff acknowledged that the United States is the proper Defendant, but erroneously stated that the Postal Service was named only in the First Amended Complaint.  In order to dispel any confusion and dispense with the unnecessary procedural step of requiring Plaintiff to file another amendment to his claims, the Court will construe the claims asserted against the Postal Service in Plaintiff's Second Amended Complaint as being directed to the United States.

---

[1] Plaintiff did not serve his original Complaint on HT until June 15, 2009.

## II.  DISCUSSION

The Government's argument in support of its pending Motion to Dismiss takes two parts. First, it contends that the claims asserted against the United States in Plaintiff's Amended Complaint are time-barred.  Second, it claims that HT's removal of the action based on its intent to file claims against the United States for indemnification and contribution was improper.  In connection with the second argument, the Government notes the well-established principle that the presence or absence of federal jurisdiction is to be determined from the plaintiff's complaint, and defenses that raise federal questions do not result in such jurisdiction.  In light of the differing procedural contexts in which the claims asserted against the United States by Plaintiff and HT arise, the Court will address those parties' arguments in turn.

**A.  Plaintiff's Claims Against the United States**

As discussed above, 28 U.S.C. § 2401(b) provides that:

> A tort claim against the United States shall be forever barred unless … [an] action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The Postal Service's Tort Claims Examiner denied Plaintiff's administrative claims on February 12, 2009.  Plaintiff did not commence an action challenging that denial until August 17, 2009, the date on which he filed his Amended Complaint.  Thus, his claims against the United States were brought five days after the expiration of the deadline contained in 28 U.S.C. § 2401(b).

Plaintiff acknowledges that his claims against the United States were not timely filed, but argues that the Court should excuse his failure to comply with the deadlines contained in 28 U.S.C. § 2401(b) because the Government received notice that it might be sued within the six-month period mandated by that statute.  Specifically, he contends that:

> If the United States, upon receipt of the Notice of Removal [on July 8, 2009], had promptly objected to same … both Plaintiff and HT would have been on notice that such Notice did not, in the view of the United States, suffice to bring the matter properly before the United States District Court. Plaintiff, with time to spare, could then have filed a conforming pleading, as [he] did [five weeks] after receipt of the Notice of Removal.

(Pl.'s Br. Opp'n Mot. Dismiss 5.)

In other words, Plaintiff urges the Court to construe HT's Notice of Removal – rather than his Amended Complaint – as the operative pleading for determining whether his claims against the United States were timely filed. See (Id. at 6) ("[P]laintiff contends that the Notice of Removal satisfies [his] obligation, under the FTCA, to bring an action before this Court" within six months of the denial of his administrative claim.)

Plaintiff's argument is unavailing. Although the FTCA's statute of limitations is not jurisdictional and may be subject to equitable tolling in some cases, Santos ex. rel. Beato v. United States, 559 F.3d 189, 196-97 (3d Cir. 2009), this is not such a case.

The long-established doctrine of equitable tolling "can rescue a claim otherwise barred by a statute of limitations when the plaintiff has been prevented from filing due to sufficiently inequitable circumstances." Id. at 197. That doctrine applies only to cases where the plaintiff "exercised due diligence in preserving and pursuing [his or] her claim," and does "not extend to garden-variety claims of excusable neglect." Id. Moreover, extension of equitable tolling is especially narrow in the context of FTCA claims against the United States. Id. (citing United States v. Kubrick, 444 U.S. 111, 117-19 (1979)). It is appropriate only "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

6

Plaintiff has not demonstrated any of the three prerequisites for equitable tolling to apply in this case.[2] There is no evidence that the Government "actively misled" him regarding the nature of his claim. To the contrary, the February 12, 2009 administrative denial excerpted above explicitly informed him that he must file suit in federal court within six months of that date if he wished to further pursue his claims against the United States. (Herbst Decl., Ex. D at 1.) While Plaintiff makes much of the fact that the Government did not object immediately to the Notice of Removal, thus providing advanced warning of its later argument that federal jurisdiction cannot be premised solely on HT's counterclaims, he has not cited any authority for the proposition that it was required to do so. Nor has Plaintiff explained why it was the responsibility of the United States to provide such a warning when it is undisputed that he was also served with HT's July 8, 2009 Notice of Removal and could have filed an Amended Complaint asserting claims against the Government at any time within the next month, but unreasonably delayed until after the FTCA's deadline had expired.

The simple facts are as follows: Plaintiff originally filed his claims in the proper forum – an administrative proceeding before the Postal Service's Tort Claims Examiner. The Examiner informed Plaintiff on February 12, 2009 that he must file claims against the United States in federal court within the next six months or such claims would be barred. He chose instead to pursue claims against HT in state court. He was provided the same Notice of Removal that he claims should have spurred the Government to immediately object to federal jurisdiction on July 8, 2009, but did nothing for five weeks. And he was represented by the same counsel in both his

---

[2] The main precedent relied on by Plaintiff in support of his contention that the Court should ignore the FTCA's statute of limitations is inapposite. That case, Pascale v. United States, 998 F.2d 186 (3d Cir. 1993), dealt with a situation in which the plaintiff originally filed an administrative claim that the United States ignored. He later filed a second claim, which the Government argued was barred because it was submitted more than six months after its inaction was deemed a "final determination" of the first claim. Such a fact pattern is not applicable here.

administrative action and the proceedings before this Court, thus eliminating any excuse based on lack of legal education or ability. Under such circumstances, Plaintiff's neglect in failing to file an Amended Complaint including claims against United States is not excusable, and equitable tolling does not save his otherwise time-barred FTCA claims. Therefore, Plaintiff's claims against the United States will be dismissed.

### B. HT's Claims Against the United States

In the absence of any direct claims by Plaintiff against the United States, HT's third-party claims against the Government are insufficient to confer jurisdiction on this Court. It is axiomatic that "whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986). In order for this Court to have jurisdiction, a federal "controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 122 (3d Cir. 1979) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). Thus, "[a] defense that arises under federal law is inadequate to confer jurisdiction." Thompson, 478 U.S. at 808; see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002) ("It is not enough that a federal question is or may be raised as a defense.").

HT acknowledges that its third-party claims against the United States for indemnification and contribution would normally be insufficient to give rise to federal jurisdiction, but argues that the doctrine of "complete preemption" does so in this case because the FTCA supplants state law and creates exclusive federal jurisdiction over tort claims against the United States. Under that doctrine, "the preemptive force of a [federal] statute [may be] so 'extraordinary' that it

8

'converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule.'" Caterpillar Inc. v. Williams, 428 U.S. 386, 393 (1987) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

The doctrine of complete or "field" preemption does not create federal jurisdiction over HT's third-party claims against the United States for two reasons. First, the criteria for applying that doctrine have not been met. Complete preemption occurs only when the state law claims at issue in a suit "regulate[] conduct in a field that Congress intended the Federal Government to occupy exclusively." English v. Gen. Elec. Co., 496 U.S. 72, 79 (1990). "Such an intent may be inferred from a scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it, or where an Act of Congress touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." Id. "Where the field which Congress is said to have pre-empted includes areas that have been traditionally occupied by the States, congressional intent to supersede state laws must be clear and manifest." Id.

There is no evidence, manifest or otherwise, that Congress intended to supplant state tort law by enacting the FTCA. To the contrary, "[t]he FTCA operates as a limited waiver of the United States's sovereign immunity." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). Far from altering or superseding state tort law, the statute incorporates the substantive law of the state where the injury occurred for the purposes of determining liability. See 28 U.S.C. § 1346(b)(1) (providing for liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."); FDIC v. Meyer, 510 U.S. 471, 478 (1991) ("[W]e have consistently held that § 1346(b)'s reference to 'the law of the place' means law of the State – the

9

source of substantive liability under the FTCA."). Therefore, the Court finds that the FTCA does not "subsume the rights which would otherwise be vindicated by state law" in this case. (HT's Br. Opp'n Mot. Dismiss 8.) HT's third-party claims against the United States for contribution and indemnification will be dismissed for lack of jurisdiction, as they assert defenses to liability that are not sufficient to confer jurisdiction on this Court.[3] See Thompson, 478 U.S. at 808.

Even if the doctrine of field preemption did apply to state tort law by virtue of the FTCA – a meritless proposition for the reasons set forth above – that doctrine would not result in federal jurisdiction over this case. While complete preemption may be used to recharacterize a complaint purporting to rest on state law as arising under federal law, that doctrine does not apply to defenses or counterclaims. Vaden, 129 S. Ct. at 1273. Under the precedents set forth above, the existence of federal jurisdiction must be determined exclusively from the complaint, and "counterclaims [or defenses], even if they rely exclusively on federal substantive law, do not qualify a case for federal court cognizance." Id. Therefore, this Court may not exercise jurisdiction based on HT's third-party claims against the United States. In the event that HT is found liable to Plaintiff in this action – which will be remanded to state court – it may institute a separate litigation in federal court for indemnification or contribution under the terms of the lease, but it may not use those defenses as a rationale for claiming federal jurisdiction over the present action.

---

[3] Important for the purposes of the Court's holding is the fact that Plaintiff had not asserted claims against the United States at the time of removal. Had he done so, this Court would undisputedly have jurisdiction pursuant to 28 U.S.C. § 1346(a). As discussed above, however, Plaintiff's claims in the Superior Court of New Jersey were directed only to HT. His claims against the United States were filed after removal, and are barred as untimely.

### III.  CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss is granted. Plaintiff's claims against the United States are dismissed with prejudice as untimely filed.  HT's third-party claims against the United States are dismissed without prejudice for lack of jurisdiction, and the action is remanded to the Superior Court of New Jersey.  Following resolution of Plaintiff's claims in that forum, HT may reassert its claims against the United States for indemnification and contribution in a separate action.

The Court will enter an Order implementing this Opinion.

     **s/ Dickinson R. Debevoise__ _____ _____**
     DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 15, 2010